```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF GEORGIA
                         COLUMBUS DIVISION
```

| | | |
|---|---|---|
| BARBARA L. JACKSON, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:08-CV-49 (CDL) |
| | * | |
| BLUECROSS AND BLUESHIELD OF GEORGIA, INC., | * | |
| Defendant. | * | |
| | * | |

O R D E R

This action is based upon alleged discrimination and harassment by Defendant Blue Cross and Blue Shield of Georgia, Inc. against Plaintiff Barbara L. Jackson. Presently pending before the Court is Plaintiff's Motion to Remand (Doc. 9). For the following reasons, Plaintiff's motion is granted.

PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se*, originally filed this action in the Superior Court of Muscogee County on January 11, 2005. Plaintiff's Complaint alleged that Defendant had violated provisions of the Georgia Equal Employment for Persons With Disabilities Code, O.C.G.A. § 34-6A-1 *et seq*. (Compl. 1.) Defendant timely filed a motion to dismiss Plaintiff's Complaint, which was denied without opinion on February 8, 2008.[1] On March 20, 2008, Plaintiff filed a

---

[1] The denial of Defendant's motion to dismiss is presently on interlocutory appeal to the Georgia Court of Appeals.

1

motion to amend her Complaint in Muscogee County Superior Court. Plaintiff wished to exclude her claims under the Georgia Equal Employment for Persons With Disabilities Code and include claims for violations of various federal laws, including the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3 *et seq.* (*See* Pl.'s Mot. to Remand 1.)  There is no evidence in the present record indicating whether the Muscogee County Superior Court ruled on Plaintiff's motion.

On April 17, 2008, Defendant timely removed the case to this Court. Plaintiff filed her motion to remand on June 20, 2008, more than sixty days after removal. Plaintiff sets forth six reasons why the Court should grant her motion to remand: (1) her claims can be filed in state court as well as federal court; (2) removal is premature because Plaintiff's motion to amend her Complaint has not yet been ruled upon by the Muscogee County Superior Court; (3) Defendant removed the case for purposes of delay; (4) Plaintiff did not receive information from the Court regarding filings and rules until June 16, 2008; (5) Plaintiff cannot agree with Defendant regarding the proposed pretrial order; and (6) Plaintiff is *pro se*. (Pl.'s Mot. to Remand 1-2.)  Because Defendant prematurely removed this case, Plaintiff's motion to remand is granted.[2]

---

[2] Because the Court grants Plaintiff's motion, it will not discuss Plaintiff's remaining arguments.

DISCUSSION

Federal law provides that a defendant may remove a cause of action from a state court to "the district court of the United States for the district and division within which such action is pending[.]" 28 U.S.C. § 1446(a). Generally, a defendant must file a notice of removal within thirty days after the defendant receives the plaintiff's complaint. *Id.* § 1446(b). However,

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]

*Id.*

Once a case is removed to federal court, a party may move to remand the case back to state court. On a motion to remand, the removing party bears the burden of establishing whether removal is appropriate. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c). Of course, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* The Eleventh Circuit has found that these provisions leave "only a thirty-day window . . . for a plaintiff to challenge the propriety of the *removal* itself, whether that challenge be on the basis of a procedural defect or a lack of

3

subject matter jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n.64 (11th Cir. 2007). However, a party may challenge the existence of subject matter jurisdiction at any time.[3] *See id.*

Because Plaintiff's original Complaint does not state a basis for federal jurisdiction, Defendant was required to remove the case to federal court within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]"  28 U.S.C. § 1446(b).  Plaintiff contends that Defendant removed the case prematurely because the superior court had not yet ruled on her motion to amend her Complaint. The critical issue thus becomes whether the removal period was triggered by the filing of Plaintiff's motion, or whether the removal should be triggered by the granting of the motion and subsequent filing of an amended complaint asserting federal claims.

It appears that the Eleventh Circuit has not yet directly ruled on this issue. *See Eparvier v. Fortis Ins. Co.*, No. 07-14923, 2008 WL 2253064, at *4 (11th Cir. June 3, 2008) (per curiam) (declining to address defendant's argument that removal period did not begin until state court granted motion to amend and amended complaint was filed). The decisions of the district courts sitting within the Eleventh

---

[3] Although Plaintiff filed her motion to remand more than sixty days after she received Defendant's notice of removal, Plaintiff is, in effect, challenging the existence of subject matter jurisdiction when she argues that Defendant removed this case prematurely.

4

Circuit conflict. *Compare Lahey v. State Farm Mut. Auto. Ins. Co.*, No. 8:06-CV-1949-T27-TBM, 2007 WL 2029334, at *2 (M.D. Fla. July 11, 2007) (finding that claims contained in plaintiffs' amended complaint did not commence until "the date the state court authorized Plaintiffs to file the amended complaint adding their . . . claim," and thus the thirty-day period for removal would not begin until the state court granted the plaintiffs' motion to amend) *with Williams v. Heritage Operating, L.P.*, No. 8:07-cv-977-T-24MSS, 2007 WL 2729652, at *2 (M.D. Fla. Sept. 18, 2007) (finding that "Plaintiff's motion to amend served as a trigger placing Defendant on notice that the thirty day clock had commenced"); *see also Columbus, Ga. v. Expedia, Inc.*, No. 4:07-cv-165 (HL), 2008 WL 2967178, at *4 (M.D. Ga. July 30, 2008) (denying motion to remove on basis of a motion which state court had not yet ruled upon because "[i]n the absence of a ruling on the motion by the state court, there is nothing on the record from which the Court can ascertain that the amount in controversy has changed, so as to make the case removable").

The majority rule appears to be that when a state-court plaintiff files a motion to amend a complaint to assert federal subject matter jurisdiction, a defendant cannot remove the case until the state court judge grants the motion to amend. *See, e.g., Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) ("Until the state judge granted the motion to amend, there was no basis for removal."); *Desmond v. BankAmerica Corp.*, 120 F. Supp. 2d 1201, 1204

5

(N.D. Cal. 2000) ("[R]emoval jurisdiction based on an amended pleading arises only after the subsequent pleading becomes operative."); *Douklias v. Teacher's Ins. and Annuity Ass'n*, 35 F. Supp. 2d 612, 615 (W.D. Tenn. 1999) ("Although it was clear from plaintiff's motion to amend that this case might at some point become removable, . . . defendant's notice of removal was premature because the possibility remained that the motion might not be granted."); *Graphic Scanning Corp. v. Yampol*, 677 F. Supp. 256, 259 (D. Del. 1988) ("[T]he commencement of the thirty-day period upon the filing of the plaintiff's motion would force a defendant to speculate as to the state court's ruling and require a defendant to file his removal petition before the grounds for removal actually exist."); *Schoonover v. W. Am. Ins. Co.*, 665 F. Supp. 511, 514 (S.D. Miss. 1987) ("The Court is of the opinion, however, that the motion did not show that the case had become removable, as required by the plain language of 28 U.S.C. § 1446(b), because the state court retained discretion to deny the leave to amend."). *But see, e.g., Neal v. Trugreen Ltd. P'ship*, 886 F. Supp. 527, 528 (D. Md. 1995) ("The right to remove a case is triggered when a motion is filed in the state proceeding which allows a defendant to intelligently ascertain the removability of the action." (internal citation omitted)); *Morrison v. Nat'l Benefit Life Ins. Co.*, 889 F. Supp. 945, 948 (S.D. Miss. 1995) (observing that "[w]hether or not the lower court has approved Plaintiffs' Motions to Amend, the Motions certainly constitute 'other

paper from which it may first be ascertained that the case is one which is or has become removable . . . .'" (quoting 28 U.S.C. § 1446(b) (second alteration in original)).

The Court is persuaded by the majority position. Until the superior court judge grants Plaintiff's motion to amend her Complaint, there is no basis for removal because until then, Plaintiff's Complaint does not state a federal claim. *Sullivan*, 157 F.3d at 1094. As the Seventh Circuit Court of Appeals has observed, 28 U.S.C. § 1446(b)

> speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens, in this case the granting of a motion by the state judge. . . . It would be fantastic to suppose that the time for removing a case could run *before* the case became removable[.]

*Id.* In fact, Plaintiff's Complaint "might never state a claim, since the state judge might deny the motion," *id.*, or Plaintiff might never file an amended complaint.

Although Plaintiff certainly expressed her intent to amend her Complaint to raise federal claims, the Court cannot determine from the present record whether the superior court permitted the amendment or whether Plaintiff ever effectuated the amendment.[4] The Court also

---

[4] The Court notes that Georgia law permits a party to amend her pleadings "as a matter of course and without leave of court at any time before the entry of a pretrial order." O.C.G.A. § 9-11-15(a). Although Defendant contends that no exception to this liberal pleading standard applies to this case, there is no indication in the record as to whether a pretrial order or other consent agreement limiting the time for amendments to pleadings existed. *See Shedd v. Goldsmith Chevrolet*, 178 Ga. App. 554, 555, 343 S.E.2d 733, 735 (1986) (finding that by entering

recognizes that removal statutes are to be strictly construed and any doubt concerning the propriety of removal should be resolved in favor of remand. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Given the circumstances of this case, the Court applies the majority rule and determines that, at the earliest, Defendant should not have removed this case until the superior court ruled on Plaintiff's motion to amend her Complaint to assert federal claims.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant's removal of this case was premature. Accordingly, Plaintiff's Motion to Remand (Doc. 9) is granted.

IT IS SO ORDERED, this 10th day of November, 2008.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

into consent agreement regarding scheduling, plaintiff had waived her right under O.C.G.A. § 9-11-15(a) to amend complaint as a matter of course). In addition, the record does not contain Plaintiff's amended Complaint, although Defendant filed a document in this Court which purported to be its answer to Plaintiff's amended complaint. The Court will resolve its doubts about its removal jurisdiction in favor of remand to state court. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).